11-2480-ag
Jiang v. Holder

BIA
A099 568 354

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of October, two thousand thirteen.

PRESENT:
    JOHN M. WALKER, JR.,
    ROSEMARY S. POOLER,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges*.

——————————————————————————

DE TUAN JIANG,
        *Petitioner*,

        v.                              11-2480-ag
                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

——————————————————————————

FOR PETITIONER:          De Tuan Jiang, *pro se*, New York,
                         N.Y.

FOR RESPONDENT:          Tony West, Assistant Attorney General;
                         Stephen J. Flynn, Assistant Director;
                         Janette L. Allen, Attorney, Office of
                         Immigration Litigation, United States
                         Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner De Tuan Jiang, a native and citizen of the People's Republic of China, seeks review of a May 24, 2011, decision of the BIA denying his motion to reopen. *In re De Tuan Jiang,* No. A099 568 354 (B.I.A. May 24, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). Contrary to Jiang's assertion that the BIA applied the wrong standard by requiring him to establish that he would "likely" face persecution, the BIA explicitly applied the appropriate *prima facie* standard, and noted that Jiang failed to submit any evidence that "Chinese authorities are aware, or are likely to become aware, of" his conversion to Catholicism as required to ultimately establish a well-founded fear of persecution under our case law. *See id.* at 168 (recognizing that an alien's "ability to secure reopening depends on a demonstration of *prima facie* eligibility for [relief], which means []he must show a 'realistic chance' that []he will be

able to obtain such relief"); *see also Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities."). Jiang's failure to submit such evidence supported the BIA's determination that he failed to demonstrate his *prima facie* eligibility for relief and formed an adequate basis for denying his motion to reopen. *See Hongsheng Leng*, 528 F.3d at 143; *see also INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3